FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 09, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZACHARY H.,[1] | No. 2:20-cv-00348-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | **ECF Nos. 18, 19** |
| Defendant. | |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.  *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment.  ECF Nos. 18, 19.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 18, and denies Defendant's motion, ECF No. 19.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

ORDER - 2

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous

1  work[,] but cannot, considering his age, education, and work experience, engage in

2  any other kind of substantial gainful work which exists in the national economy."

3  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

4      The Commissioner has established a five-step sequential analysis to

5  determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

6  404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

7  considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

8  416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

9  Commissioner must find that the claimant is not disabled. 20 C.F.R. §§

10  404.1520(b), 416.920(b).

11      If the claimant is not engaged in substantial gainful activity, the analysis

12  proceeds to step two. At this step, the Commissioner considers the severity of the

13  claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the

14  claimant suffers from "any impairment or combination of impairments which

15  significantly limits [his or her] physical or mental ability to do basic work

16  activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c),

17  416.920(c). If the claimant's impairment does not satisfy this severity threshold,

18  however, the Commissioner must find that the claimant is not disabled. *Id.*

19      At step three, the Commissioner compares the claimant's impairment to

20  severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.

ORDER - 5

20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

the Commissioner must also consider vocational factors such as the claimant's age,

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, the analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.

Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 19, 2017, Plaintiff applied for Title II disability insurance

benefits.  Tr. 26, 85, 200-01.  On November 1, 2017, Plaintiff protectively filed for

Title XVI supplemental security income benefits.  Tr. 26, 86, 202-07.  In both

applications, Plaintiff alleged a disability onset date of October 15, 2015.  Tr. 26,

200, 202.  The applications were denied initially and on reconsideration.  Tr. 133-

ORDER - 6

36, 140-42, 143-45.  Plaintiff appeared by video before an administrative law judge (ALJ) on September 24, 2019.  Tr. 45-84.  On October 7, 2019, the ALJ denied Plaintiff's claims.  Tr. 23-40.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through September 30, 2020, has not engaged in substantial gainful activity since October 15, 2015, the alleged onset date.  Tr. 28.  At step two, the ALJ found that Plaintiff has the following severe impairments: depressive disorder and anxiety disorder.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 29.  The ALJ then concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> [Plaintiff] is capable of engaging in unskilled, repetitive, routine tasks in two-hour increments.  He can have no contact with the public, but is capable of working in proximity to, but not in coordination with, co-workers, and he can have occasional contact with supervisors.  [Plaintiff] is 15% less productive than the average worker in the workplace.  He will be absent from work one day per month.

Tr. 30.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work.  Tr. 33.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there

ORDER - 7

were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as document preparer, dresser, and small parts assembler. Tr. 34. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of October 15, 2015, through the date of the decision. *Id.*

On July 28, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

3. Whether the ALJ conducted a proper step-five analysis.

ECF No. 18 at 9.

ORDER - 8

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff argues the ALJ improperly rejected the opinions of Irene Kimura, M.D.; Thomas Genthe, Ph.D.; and Phyllis Sanchez, Ph.D.  ECF No. 18 at 11-16.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ."  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding"

ORDER - 9

(including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(1)-(2), 416.920c(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

### 1. Dr. Kimura

On September 30, 2019, Dr. Kimura, a treating physician, rendered an opinion on Plaintiff's functioning.  Tr. 41-44.  Dr. Kimura stated Plaintiff suffers

from extreme anxiety and probable PTSD, and while Plaintiff has shown a desire

to overcome his symptoms, he has not been successful in finding beneficial

medications.  Tr. 43.  Dr. Kimura opined Plaintiff has no limitations in his ability

to interact appropriately with the general public, maintain socially appropriate

behavior and adhere to basic standards of neatness and cleanliness, and be aware of

normal hazards and take appropriate precautions; mild limitations in his ability to

understand and remember very short and simple instructions, carry out very short

and simple instructions, perform activities within a schedule, maintain regular

attendance, and be punctual within customary tolerances, sustain an ordinary

routine without special supervision, make simple work-related decisions, ask

simple questions or request assistance, accept instructions and respond

appropriately to criticism from supervisors, respond appropriately to changes in the

work setting, and set realistic goals or make plans independently of others;

moderate limitations in his ability to remember locations and work-like procedures,

work in coordination with or proximity to others without being distracted by them,

and get along with coworkers or peers without behavioral extremes; marked

limitations in his ability to understand and remember detailed instructions, carry

out detailed instructions, and maintain attention and concentration for extended

periods; and severe limitations in his ability to complete a normal

workday/workweek without interruptions from psychologically-based symptoms

ORDER - 11

1  and to perform at a consistent pace without an unreasonable number and length of

2  rest periods and travel to unfamiliar places or use public transportation.  Tr. 41-43.

3      Dr. Kimura's opinion was submitted six days after the hearing.  The ALJ did

4  not consider the opinion.  Plaintiff argues the ALJ erred in failing to consider Dr.

5  Kimura's opinion, as the ALJ was notified of the pending evidence more than five

6  days before the hearing.  ECF No. 18 at 15.  Defendant argues the ALJ did not err

7  because Plaintiff failed to provide an explanation at the hearing of good cause for

8  the delay in obtaining the evidence.  ECF No. 19 at 16 (citing Tr. 48-49).  If a

9  claimant seeks to have written evidence considered at the hearing, then the

10 claimant must submit or inform the ALJ about the evidence no later than five

11 business days before the date of the scheduled hearing.  20 CFR §§ 404.935(a),

12 416.1435(a).  If the claimant misses this deadline but submits or informs the ALJ

13 about written evidence before the hearing decision is issued, the ALJ will accept

14 the evidence if: (1) an action of the Social Security Administration misled the

15 claimant; (2) the claimant had a physical, mental, educational, or linguistic

16 limitation(s) that prevented submitting or informing the Administrative Law Judge

17 about the evidence earlier, or (3) some other unusual, unexpected, or unavoidable

18 circumstance beyond the claimant's control prevented the claimant from

19 submitting or informing the Administrative Law Judge about the evidence earlier.

20 20 CFR §§ 404.935(b), 416.1435(b).  A listed example of an unusual, unexpected,

or unavoidable circumstance beyond the claimant's control is, "You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." *Id.*

Plaintiff's counsel sent a letter more than five days prior to the hearing, which states their office and Plaintiff had contacted Dr. Kimura's office four times with no response, and Plaintiff was unable to get in for an appointment with Dr. Kimura until September 30, 2019. Tr. 302. Plaintiff requested a sooner appointment but was told there were no openings. *Id.* Dr. Kimura completed and returned the questionnaire the day of the September 30 appointment. Tr. 41-44. The evidence demonstrates Plaintiff and counsel actively and diligently sought evidence from Dr. Kimura to try to obtain the opinion prior to the hearing, but the opinion was delayed for circumstances outside of Plaintiff's control. The ALJ also stated Plaintiff submitted or informed the ALJ of all evidence at least five days before the hearing. Tr. 26. The ALJ did not address the letter sent by Plaintiff's counsel regarding the attempts to obtain the records and opinion, and the ALJ gave no reasons for declining to address Dr. Kimura's opinion. The Appeals Council's action of reviewing the evidence indicates the Council considered the evidence, and thus demonstrates the Council found Plaintiff satisfied the requirements of timely informing Social Security of the evidence or providing good cause as to why it was not submitted earlier. Tr. 1-2.

ORDER - 13

Defendant also argues the ALJ's failure to consider Dr. Kimura's opinion is moot, because the Appeals Council considered the evidence and found there was not a reasonable probability it would have changed the outcome of the decision. ECF No. 19 at 16. New evidence is material if it creates a reasonably possibility that the outcome of the case would be different. *Staley v. Massanari*, 17 F. App'x 609, 610 (9th Cir. 2001) (interpreting Appeals Council's decision and citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).

The Court finds there is a reasonable probability that a disabling opinion from a treating provider, particularly when the ALJ's analysis lacked any opinions from treating providers, would have impacted the case. *See* Tr. 31-32, 41-43. The ALJ thus erred in failing to consider Dr. Kimura's opinion. On remand, the ALJ is instructed to consider Dr. Kimura's opinion and incorporate the limitations into the RFC or give reasons supported by substantial evidence to reject the opinion.

2. *Dr. Genthe*

On January 12, 2018, Dr. Genthe performed a consultative examination and rendered an opinion on Plaintiff's functioning. Tr. 315-320. Dr. Genthe diagnosed Plaintiff with social anxiety disorder, other specified personality disorder (with borderline features), and major depressive disorder, with anxious distress. Tr. 317. Dr. Genthe opined Plaintiff has marked limitations in his ability to ask simple questions or request assistance; communicate and perform effectively in work

setting; maintain appropriate behavior in work setting; and complete a normal

workday without interruptions from psych symptoms; and Plaintiff had no to mild

limitations in the remaining areas of functioning.  Tr. 318.  Dr. Genthe rated the

overall severity of Plaintiff's diagnosed mental impairments as marked and opined

that Plaintiff would be impaired for nine to 12 months.  *Id.*  The ALJ found Dr.

Genthe's opinion was not persuasive.  Tr. 32.

As the case is being remanded for the ALJ to consider Dr. Kimura's opinion,

the ALJ is also instructed to reconsider Dr. Genthe's 2018 opinion.  For the

purposes of the remand, the Court notes that the ALJ found Dr. Genthe's 2018

opinion was inconsistent with Plaintiff's lack of severe psychological findings,

such as an absence of psychiatric hospitalizations, episodes of psychosis, or

suicidal ideation.  Tr. 32.  However, an individual may have a disabling mental

health impairment without having had hospitalizations nor suicidal ideation.  The

ALJ also found Plaintiff's severe impairments are depression and anxiety, and the

ALJ does not explain how a lack of psychotic symptoms is inconsistent with

disabling depression or anxiety.  Further, Plaintiff cites to ongoing evidence of

psychotic symptoms and other psychological symptoms in the record.  ECF No. 18

at 13-14.  Additionally, the new evidence documents Dr. Genthe later diagnosed

Plaintiff with schizophrenia, Tr. 16, 18, which may impact the ALJ's evaluation of

Plaintiff's psychotic symptoms and Dr. Genthe's earlier opinion.  The ALJ is also

instructed to consider Dr. Genthe's 2019 opinion and incorporate the limitations

into the RFC or give reasons supported by substantial evidence to reject the

opinion.

  *3. Dr. Sanchez*

  On January 26, 2019, Dr. Sanchez reviewed Dr. Genthe's evaluation and

assessed the same limitations as Dr. Genthe. Tr. 324-26. However, the ALJ did

not mention Dr. Sanchez's opinion in the administrative decision. Plaintiff argues

this was harmful error, ECF No. 18 at 14, while Defendant argues the ALJ's

reasons for rejecting Dr. Genthe's opinion apply equally to Dr. Sanchez's opinion

and thus the failure to mention the opinion is harmless, ECF No. 19 at 14. As the

case is being remanded to reconsider the above opinions, the ALJ is also instructed

to consider Dr. Sanchez's opinion and incorporate the opinion into the RFC or give

reasons supported by substantial evidence to reject the opinion.

**B. Plaintiff's Symptom Claims**

  Plaintiff faults the ALJ for failing to rely on reasons that were clear and

convincing in discrediting his symptom reports. ECF No. 18 at 16-19. An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an

underlying impairment which could reasonably be expected to produce the pain or

ORDER - 16

other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

"The claimant is not required to show that [the claimant's] impairment could

reasonably be expected to cause the severity of the symptom [the claimant] has

alleged; [the claimant] need only show that it could reasonably have caused some

degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

omitted).  General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these claims.

*Id*. (quoting *Lester v. Chater*, 81 F.3d 821,834; *Thomas v. Barnhart*, 278 F.3d 947,

958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted

claimant's symptom claims)).  "The clear and convincing standard is the most

demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920,

924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting

effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

1  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

2  side effects of any medication an individual takes or has taken to alleviate pain or

3  other symptoms; 5) treatment, other than medication, an individual receives or has

4  received for relief of pain or other symptoms; 6) any measures other than treatment

5  an individual uses or has used to relieve pain or other symptoms; and 7) any other

6  factors concerning an individual's functional limitations and restrictions due to

7  pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

8  404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

9  an individual's record," to "determine how symptoms limit ability to perform

10  work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

11      Here, the ALJ found that Plaintiff's medically determinable impairments

12  could reasonably be expected to cause some of the alleged symptoms, but that

13  Plaintiff's statements concerning the intensity, persistence, and limiting effects of

14  his symptoms were not entirely consistent with the evidence.  Tr. 31.

15      The ALJ's evaluation of Plaintiff's symptom claims and the resulting

16  limitations relies substantially on the ALJ's assessment of the medical evidence.

17  Having determined a remand is necessary to readdress the medical source

18  opinions, any reevaluation must necessarily entail a reassessment of Plaintiff's

19  subjective symptom claims.  Thus, the Court need not reach this issue and on

20  remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the

context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**C. Step Five**

Plaintiff contends the ALJ erred at step five by posing an incomplete RFC to the vocational expert.  ECF No. 18 at 19-20.  At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560I(2), 416.960I(2); *Beltran*, 700 F.3d at 389.  In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101.

The hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  As

ORDER - 19

discussed above, the ALJ's RFC need only include those limitations found credible and supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record.").  "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."  *Id.*  As the case is being remanded for reconsideration of the medical opinion evidence and Plaintiff's symptom claims, the ALJ is also instructed to perform the five-step analysis anew, including a new step five determination.

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 15 at 20.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for

ORDER - 20

additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, the Court will remand for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court finds further proceeding are necessary to resolve inconsistencies in the record, particularly among the medical opinions. While Dr. Genthe rendered two disabling opinions, the opinions contain differences between them, including varying diagnoses and limitations, and there are conflicting opinions from the State agency psychological consultants. Dr. Genthe diagnosed Plaintiff with

ORDER - 21

schizophrenia in November 2019, Tr. 16, 18, and there are earlier references from providers regarding concerns Plaintiff may have schizophrenia, Tr. 443, 485.  The medical records do not clearly demonstrate when Plaintiff may have met the DSM-IV criteria for schizophrenia prior to November 2019.  The Court recommends that the ALJ consider calling a psychological expert at the remand hearing, to assist with determining if Plaintiff meets or equals a listing, his mental RFC, and if he is found currently disabled, to give an opinion as to the disability onset date.  As such, the case is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

ORDER - 22

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED June 9, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 23